IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

V.  No. 4:20-CR-00098-10 JM

KELBY SHANE EPPERSON

**ORDER**

Defendant's Motion to Reduce Sentence (Doc. No. 532) is DENIED for a few reasons.

First, Amendment 829 is not retroactive.[1]

Second, as discussed in the February 26, 2024 Order, Amendment 821 does not lower Defendant's criminal history category or guideline range.[2]

Third, Defendant's plea agreement "waive[d] the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[3]  Because Defendant knowingly and voluntarily entered into his plea agreement, including this waiver, he is not entitled to relief.[4]

IT IS SO ORDERED this 8th day of December, 2025.

_____
UNITED STATES DISTRICT JUDGE

---

[1] *See* U.S.S.G. § 1B1.10(d).

[2] Doc. No. 483. *See* U.S.S.G. § 1.10(a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

[3] Doc. No. 286.

[4] *United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582 (c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).

1